Filed 8/10/26  P. v. Weidman CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B335109 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA501740) |
| v. | |
| LAZIEL MICHAEL WEIDMAN, | |
| Defendant and Appellant. | |

APPEAL from judgment of the Superior Court of Los Angeles County.  Richard S. Kemalyan, Judge.  Reversed and remanded with directions.

Julie Caleca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Susan Sullivan Pithey, Assistant Attorneys General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Laziel Michael Weidman appeals the judgment entered following a jury trial in which he was convicted of first degree murder (Pen. Code, § 187, subd. (a); count 1) and unlawful possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 2). A personal use of a firearm allegation was found true and appellant admitted that he suffered a prior strike conviction. The trial court sentenced appellant to an aggregate term of 64 years to life, consisting of 25 years to life, doubled for the prior strike, plus 10 years on the firearm enhancement, for a total term of 60 years to life on count 1, and a consecutive term of 2 years, doubled, for a total term of 4 years on count 2.

Appellant challenges the judgment on a number of grounds, asserting that: (1) the trial court violated Code of Civil Procedure section 231.7 (section 231.7) when it denied appellant's objection to the prosecutor's use of a peremptory challenge to remove a Black female prospective juror; (2) the court violated section 231.7 when it sustained the prosecution's objection to appellant's exercise of a peremptory challenge to remove a White male juror; (3) trial counsel rendered ineffective assistance by failing to object to assertedly improper testimony; and (4) the trial court improperly imposed the upper term on the firearm enhancement. We conclude that appellant's objection to the prosecutor's peremptory challenge should have been sustained. Because this error was, per statute, necessarily prejudicial, we reverse the judgment on this ground and do not consider appellant's remaining contentions.

## FACTUAL BACKGROUND

Around 6:00 a.m. on October 3, 2021, Kenneth Mack was shot and killed while sitting in his vehicle in an alley off West 74th Street in Los Angeles. Mack sustained multiple gunshot wounds, two to the back of his head, one to the neck, one to his cheek, and one to the shoulder. Three nine-millimeter casings were found at the scene.

Appellant lived at a residence on West 74th Street, approximately one block west of the shooting. At the time of the incident, he was required to wear an ankle monitor that recorded information including his GPS location and movement. Per the terms of the monitoring program, he was not permitted to leave his residence between the hours of 12:00 a.m. and 8:00 a.m. Nevertheless, data records showed that on the date of the incident, between approximately 5:55 a.m. and 6:00 a.m., appellant left his residence, walked toward the area where Mack was shot, and then traveled back home.

Video surveillance was collected from a motel and a residence near the crime scene. The footage showed Mack driving around the area, briefly exiting his vehicle to talk with another individual, getting back in and driving near appellant's residence, and then continuing on until stopping in the alley.

Video footage also captured a male figure, with a build similar to appellant's, leaving from appellant's residence and walking eastward in the area of West 74th Street. As the man walked toward the alley, he pulled an object that appeared to be a firearm from his pocket and raised it with his right hand. After he continued into the alley, four shots could be heard. Seconds later, the man ran out of the alley, going westward, placing his right hand in his jacket pocket as he ran. He continued back to the residence he earlier left, opened the door, and went inside.

A search and arrest warrant was executed on appellant at his residence two months later. Appellant initially refused to leave the residence, and a drone filmed him hiding a black object in a laundry bag. After appellant was arrested, the laundry bag was searched and a .45-caliber gun with ammunition was found.

Appellant was interviewed by detectives following his arrest. When told that he was captured on video around the time of the murder, appellant denied leaving his apartment or being at the crime scene. He later acknowledged walking toward the alley, however. He

said he heard three or four shots and then saw two "Hispanic guys" running away from the alley.

In January 2022, during a search of an apartment in Van Nuys in an unrelated case, the nine-millimeter gun that was determined to be the murder weapon in this case was found. The detective in charge of investigating the murder testified that it was common for a murder weapon to be "disposed of," "traded," or "sold."

## DISCUSSION

Appellant argues that the trial court erred under section 231.7 by overruling his objection to the prosecution's use of a peremptory challenge to remove Prospective Juror No. 26.

### A.   *Peremptory challenge and trial court ruling*

Appellant is Black, as was the victim, Mack.

During questioning of prospective jurors, Prospective Juror No. 26, a Black woman, stated that she lived in "mid-City," was a "touring coordinator for festivals and events," was single, had no children, and had never served on a jury. The prosecution later questioned the panel about how various evidentiary scenarios would impact their decisions. Prospective Juror No. 26 said that she would reject unreasonable conclusions, that it "depends on the situation" whether she would be satisfied if the prosecution relied on a single witness, and that in some situations she would prefer more than one witness.

Later, the prosecution used one of its peremptory challenges to excuse Peremptory Juror No. 26. Appellant, through counsel, immediately objected. Outside the presence of the jury, the prosecution gave the following reasons for the challenge: "Juror No. 26 indicated that she's single, no kids, which indicates that she lacks—she has a limited life experience and that is a race-neutral justification . . . . [¶] Also she was very reluctant to answer my questions when I was speaking to her. She appeared to be very timid and soft-spoken which is also a race-neutral justification . . . ."

4

In response, defense counsel noted that the prospective juror was "the only Black woman on this jury panel, and argued that the "first justification . . . lack of kids, lack of life experience, is a—is frequently pretextual especially in cases like this where numerous other jurors on the panel also have [no] children." Counsel observed that the prosecution's questioning of Juror No. 26 did not relate to the stated reasons for her excusal but only to evidentiary concepts, and stated that, because the juror appeared to be under 30 years old, the fact that she had no children was not "significant."

The trial court recited general standards for deciding a peremptory challenge, noting that Juror No. 26 was "in a cognizable group." The court then found that there were no "presumptively invalid reasons for exclusion" of the juror, continuing, "I don't find clear and convincing evidence that the reasons given are related to her protected class. I'm going to overrule the objection." Back in the courtroom, the trial court thanked and excused Juror No. 26.

Shortly after the juror was excused, the defense made a peremptory challenge against Juror No. 28, a White male software engineer manager who lived in the Brentwood neighborhood of Los Angeles. The prosecution objected. Defense counsel's reasons for the challenge included that the juror was an engineer living in Brentwood and had grown up in Kern County, which counsel "believe[d] . . . to be an extremely conservative part of the State." The trial court, stating that "Caucasian individuals are a protected class," found that the reason for the challenge "[came] down to where the individual grew up, where he presently lives and what his employment is. [¶] And those are presumptively invalid reasons." The court additionally found that an "objectively reasonable person would view his race or perceived membership in his race as a factor in the use of his peremptory challenge" and sustained the prosecution's objection.

During the same hearing in chambers, defense counsel revisited the trial court's ruling on Prospective Juror No. 26, stating that, based

5

on the ruling, it appeared that the court required the defense to establish by clear and convincing evidence that there was a race-based reason for the challenge.  The court responded that it apologized if it misspoke, stating that it ruled the way it did because the reasons for the challenge to Juror No. 26 were not presumptively invalid.  When defense counsel argued that this was not the proper standard under section 231.7, subdivision (e), the court stated:  "I do not find that she was excused because of her race.  I believe that there were valid reasons that an objectively reasonable person would find to be appropriate for the exercise of the challenge."

The next day, defense counsel raised the issue again, noting that there were five people on the jury who did not have children. Additionally, counsel argued that the prosecution's second reason for challenging Juror No. 26, which included that she was slow to answer questions, was improper under section 231.7, subdivision (g).  The defense asserted that the trial court's decision on Juror No. 26, when considered with its ruling sustaining the objection to the challenge to Juror No. 28, required discharge of the jury panel.  The trial court noted that it had already ruled on the challenge to Juror No. 26, and it denied the requested relief.

## C.  *Analysis*

### 1.  *Section 231.7 and relevant law*

"The Legislature enacted section 231.7, effective in criminal trials beginning January 1, 2022, to establish 'a new process for identifying unlawful bias in the use of peremptory challenges during jury selection' because studies showed that the existing *Batson/Wheeler* [*Batson v. Kentucky* (1986) 476 U.S. 79 [106 S. Ct. 1712, 90 L. Ed. 2d 69], *People v. Wheeler* (1978) 22 Cal.3d 258] analysis . . . was inadequate to prevent racial discrimination."  (*People v. Jimenez* (2024) 99 Cal.App.5th 534, 539–540 (*Jimenez*).)  Discrimination in violation of section 231.7 "need not be purposeful, but may involve 'unconscious bias,' which 'includes

6

implicit and institutional biases.' " (*Jimenez,* at p. 540, quoting § 231.7, subd. (d)(1) & (d)(2)(C).)

Section 231.7 prohibits the "use [of] a peremptory challenge to remove a prospective juror on the basis of the prospective juror's [perceived or actual] race . . . [and]  gender," as well as five other protected characteristics.  (§ 231.7, subd. (a).)  Once an objection to a peremptory challenge is made, the party challenging the prospective juror must "state the reasons the peremptory challenge has been exercised." (*Id.*, subd. (c).)

Section 231.7 then sets out a framework for ruling on the objection.  As discussed further below, section 231.7, subdivisions (e) through (g) outline presumptively invalid reasons for peremptory challenges and procedure for deciding objections to such challenges. Section 231.7, subdivision (d), meanwhile, describes general standards for ruling on an objection to a peremptory challenge, stating, in part: "The court shall evaluate the reasons given to justify the peremptory challenge in light of the totality of the circumstances.  The court shall consider only the reasons actually given and shall not speculate on, or assume the existence of, other possible justifications for the use of the peremptory challenge."  An objection under this subdivision shall be sustained "[i]f the court determines there is a substantial likelihood that an objectively reasonable person would view" a protected characteristic "as a factor in the use of the peremptory challenge." (§ 231.7, subd. (d)(1).)  Additionally, the trial court is to "explain the reasons for its ruling on the record." (*Ibid.*)

We review de novo a trial court's determination that a peremptory challenge was valid, and the trial court's express factual findings for substantial evidence.  (§ 231.7, subd. (j).)  We do "not impute to the trial court any findings, including findings of a prospective juror's demeanor, that the trial court did not expressly state on the record."  (*Ibid.*)

7

If the ruling on an objection was erroneous, "the statute precludes a finding of harmless error." (*People v. Ortiz* (2023) 96 Cal.App.5th 768, 795 (*Ortiz*).)  Instead, the sole remedy is reversal. (§ 231.7, subd. (j) ["error shall be deemed prejudicial, the judgment shall be reversed, and the case remanded for a new trial"].)

### 2.  *Prosecution's first stated reason*

Following the objection by appellant, the prosecution gave two reasons for its peremptory challenge to Prospective Juror No. 26.  The first of these reasons was that:  "Juror No. 26 indicated that she's single, no kids, which indicates that she lacks—she has a limited life experience and that is a race-neutral justification."  In overruling the objection, the trial court stated that there were no "presumptively invalid reasons for exclusion," and said, "I don't find clear and convincing evidence that the reasons given are related to her protected class."  Later, the court apologized for any lack of clarity in its ruling, and reiterated that it found that the reasons given for the challenge to Juror No. 26 were not presumptively invalid.

In the trial court, defense counsel repeatedly noted that others on the jury were likewise single and had no children but were not subject to peremptory challenge by the prosecution.  Defense counsel additionally argued that the trial court did not follow the proper procedure for considering the objection under section 231.7, subdivision (e).

Appellant renews this argument on appeal, asserting that the peremptory challenge was presumptively invalid under section 231.7, subdivision (e), thus requiring the prosecution and the trial court to comply with the procedures laid out in section 231.7, subdivisions (e) and (f).  According to appellant, neither the prosecution nor the trial court complied with these statutory requirements.

Appellant is correct.  Section 231.7, subdivision (e) lists 13 separate categories of peremptory challenges that are "presumed to be invalid."  Specifically, subdivision (e)(13) of section 231.7 provides:

8

"Any justification [for a peremptory challenge] that is similarly applicable to a questioned prospective juror or jurors, who are not members of the same cognizable group as the challenged prospective juror, but were not the subject of a peremptory challenge by that party," is presumptively invalid.

Numerous jurors who did not share Prospective Juror No. 26's protected characteristics under the statute were likewise "single, no kids," which, according to the prosecution in referencing Prospective Juror No. 26, would have indicated "limited life experience." These jurors included a White male, an Asian male, a White female, and a Latino male. Additionally, there were two jurors who, like Prospective Juror No. 26, were Black, but, unlike her, were male, who also did not have children and were single. There thus is no question that the prosecution's justification of "single, no kids, which indicates . . . a limited life experience" was similarly applicable to a number of questioned prospective jurors who were not members of the same cognizable group as Prospective Juror No. 26, and peremptory challenges were not directed at these jurors. In fact, they ended up serving on the jury. The challenge to Prospective Juror No. 26 therefore came within the scope of section 231.7, subdivision (e)(13).

When, like here, the peremptory challenge falls under a category listed in section 231.7, subdivision (e), the challenge is "presumed to be invalid unless the party exercising the peremptory challenge can show by clear and convincing evidence [1] that an objectively reasonable person would view the rationale as unrelated to a prospective juror's [actual or perceived protected characteristic], and [2] that the reasons articulated bear on the prospective juror's ability to be fair and impartial in the case." (§ 231.7, subd. (e).) If such a showing is made, and "[t]o determine that a presumption of invalidity has been overcome," the trial court "shall determine that it is highly probable that the reasons given for the exercise of a peremptory challenge are unrelated to conscious or unconscious bias and are instead specific to

9

the juror and bear on that juror's ability to be fair and impartial in the case." (§ 231.7, subd. (f).)

Neither the showing required of the prosecution under section 231.7, subdivision (e) nor the determination by the trial court required under subdivision (f) was made in this case. To the extent that the record is silent, we "may not speculate about or consider other possible reasons for the challenge" by the prosecution, as we are permitted to consider only the reasons given. (*People v. Garcia* (2025) 114 Cal.App.5th 1154, 1164 (*Garcia*).) Moreover, we may not "impute to the trial court any findings . . . that the trial court did not expressly state on the record." (§ 231.7, subd. (j); see also *People v. Alston* (2026) 118 Cal.App.5th 575, 587 [citing statutory language].) Simply put, the statute does not permit a reviewing court to find compliance when no compliance is apparent in the record. In any event, even without the statutory prohibition, there would be no reason to impute findings to the trial court in this case because the trial court expressly found, on the record, that there were no "presumptively invalid reasons for exclusion" of Prospective Juror No. 26.

In its brief on appeal, respondent does not contend that either the prosecution or the trial court complied with their obligations under section 231.7, subdivisions (e) and (f). Instead, respondent argues that these obligations were never triggered because the trial court correctly found that section 231.7, subdivision (e) did not apply.

In support of this argument, respondent asserts that the prosecution's reasons for excusing Prospective Juror No. 26 were not merely because she was single and had no children, but because these facts reflected her youth and lack of life experience. The statute, however, allows us to consider only the reasons given by the prosecution for the challenge. (*Garcia, supra,* 114 Cal.App.5th at p. 1164, citing § 231.7, subd. (c).) The prosecution did not challenge the juror on the basis of her "youth." Again, the reason given was that "Juror No. 26 indicated that she's single, no kids, which indicates that

10

she lacks—she has a limited life experience." Taking the prosecution's reason as stated, the juror was excused because she was "single, no kids," a fact which, in itself, "indicated . . . limited life experience." Under this logic, any juror that was single and childless would have limited life experience. This condition applied to numerous other jurors within the meaning of section 231.7, subdivision (e)(13).

Even if Prospective Juror No. 26's purported "youth" and general "limited life experience"—independent of being single and childless—could be read into the peremptory challenge, however, respondent would still fail to demonstrate that the challenge was not subject to section 231.7, subdivision (e). In its brief on appeal, respondent attempts to distinguish several jurors from Prospective Juror No. 26, using arguments that were not made to the trial court. This attempt is ill-conceived. One juror, an Asian male, was a college student. Respondent argues that he had greater life experience (even though he was also single and childless, and apparently young) because he had completed a portion of his degree and "had lived in Orange County and La Puente." There is no reason to assume that someone who has lived in Orange County and La Puente thereby has greater "life experience" than a juror who lives in "mid-City." Furthermore, Prospective Juror No. 26 stated that she was a "touring coordinator for festivals and events," a position that does not seem necessarily easy or tend to indicate lack of a college degree, and the record only indicated that she appeared to be "under 30," not exceptionally young. Another single and childless juror, a White female, stated that she was a medical assistant and an exercise instructor, and acknowledged that she had a DUI conviction from 2016. Respondent's contention that these facts demonstrate she had greater life experience likewise fails. Prospective Juror No. 26's employment would be likely to similarly involve "significant interaction with a variety of people" (as proffered by respondent), and previously being convicted of a DUI does not indicate that a person has greater life experience than someone without prior

11

convictions. Respondent's remaining attempts to distinguish Prospective Juror No. 26's life experience from some—but not all—of the other single jurors without children fare no better. And, as noted, the prosecution did not give any of these reasons for the peremptory challenge in the trial court. (See § 231.7, subd. (j) ["reviewing court shall consider only reasons actually given" for peremptory challenge].)

The only reasonable conclusion, therefore, is that the peremptory challenge to Prospective Juror No. 26 fell under section 231.7, subdivision (e)(13). Given that there was no attempt by the prosecution or the trial court to comply with the procedural requirements of section 231.7, subdivisions (e) and (f), the presumption of invalidity was never overcome under the statute. Subdivision (e) of section 231.7 requires the party exercising the peremptory challenge to make a two-part showing by clear and convincing evidence, and, when an attempt to satisfy subdivision (e) is made, the trial court must make a specific determination to find "that a presumption of invalidity has been overcome" under subdivision (f). None of these steps was taken, and respondent does not contend that the presumption of invalidity was overcome.

3. *The second stated reason*

We next turn to the remaining stated reason for the peremptory challenge. We conclude that the presumption of invalidity was not overcome as to the prosecution's second reason as well.

The second reason for the challenge was that Prospective Juror No. 26 "was very reluctant to answer my questions when I was speaking to her. She appeared to be very timid and soft-spoken." Again, in overruling the objection to the peremptory challenge, the trial court found that there were no "presumptively invalid reasons for exclusion."

Subdivision (g)(1) of section 231.7 lists presumptively invalid reasons for peremptory challenges that "have historically been associated with improper discrimination in jury selection," including

12

that a juror was "inattentive" or "exhibited either a lack of rapport or problematic attitude, body language, or demeanor." (§ 231.7, subd. (g)(1)(B), (C).) As acknowledged by respondent, a peremptory challenge based on the reason that a prospective juror was timid and reluctant to answer falls under section 231.7, subdivision (g) as a demeanor-based challenge. (*Garcia, supra*, 114 Cal.App.5th at p. 1165 [reason that juror was very timid "comes within the presumably invalid reason that the prospective juror exhibited a problematic demeanor"]; *People v. Uriostegui* (2024) 101 Cal.App.5th 271, 280 ["reluctant, timid, and soft-spoken" are demeanor-based reasons under section 231.7, subdivision (g)(1)].)

Respondent argues that appellant forfeited the contention that section 231.7, subdivision (g) applied by failing to specifically and timely object on this basis in the trial court. While it is correct that appellant's attorney, upon objecting, did not immediately argue that section 231.7, subdivision (g) applied, we do not find the objection forfeited. The statute simply requires an objection after a peremptory challenge is made. (§ 231.7, subd. (b).) Following the objection, the challenging party is required to state its reasons for the challenge. (*Id.*, subd. (c).) No further objection, or explanation for the objection, is required. "If another party or the trial court objects to the use of a peremptory challenge, then the party that exercised the peremptory challenge must state the reasons for the challenge; there is no requirement that the objecting party first establish a prima facie case of discrimination." (*People v. SanMiguel* (Jul. 30, 2026, S287786) __ Cal.5th __ [2026 Cal. LEXIS 3973, at *11] (*SanMiguel*).) Instead, " '[i]t is then up to the trial court to correctly apply the procedure set forth in section 231.7 when deciding whether to sustain the objection' [citation], and this includes determining whether the proffered reason is presumptively invalid." (*People v. Aguilar* (2026) 118 Cal.App.5th 1, 11; see also *People v. Espiritu* (2026) 119 Cal.App.5th 1128, 1141 ["objecting party's initial objection . . . preserves the right to challenge

13

the court's failure to consider the presumptively invalid categories"].) The defense thus satisfied its burden by objecting to the peremptory challenge.

In any event, the defense did specifically argue that section 231.7, subdivision (g) applied. Although this argument was made after Prospective Juror No. 26 had been excused (but prior to completion of jury selection), the defense was not without a potential remedy, since section 231.7, subdivision (h)(1) allows for quashing of the jury venire and starting jury selection anew. (See also *SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *15] [citing statute].) This remedy was specifically sought by defense counsel in arguing that the objection was improperly overruled. The trial court denied the request. Given these circumstances, in which appellant still had a potential remedy by way of his section 231.7, subdivision (g) objection, we find that—to the extent a specific objection to a peremptory challenge could properly be deemed forfeited—the section 231.7, subdivision (g) objection was not forfeited here.

When a stated reason for a peremptory challenge is subject to section 231.7, subdivision (g), the reason is "presumptively invalid unless the trial court is able to confirm that the asserted behavior occurred, based on the court's own observations or the observations of counsel for the objecting party. Even with that confirmation, the counsel offering the reason shall explain why the asserted demeanor, behavior, or manner in which the prospective juror answered questions matters to the case to be tried." (*Id.*, subd. (g)(2).)

In this case, there was no confirmation or stated observation by the trial court that Prospective Juror No. 26 was reluctant to answer, timid, and soft-spoken. Nor did the prosecution make any attempt to explain why her purported demeanor mattered to the case to be tried. Again, the procedures outlined in section 231.7, subdivision (g) were not followed because the trial court, incorrectly, found that there were no "presumptively invalid reasons for exclusion."

14

Our Supreme Court recently examined the scope and effect of section 231.7, subdivision (g) in *SanMiguel, supra,* __ Cal.5th __. The court observed that the requirements of section 231.7, subdivision (g)(2)—that the trial court confirm the subject behavior occurred and that counsel explain why the behavior matters—"means that more information is put on the record to facilitate appellate review." (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *29].) Per the statute, the explanation requirement is "a necessary condition for overcoming the presumption of invalidity." (*Ibid.*) The court further explained: "The explanation requirement is not formalistic, but functional. What the statute requires is a striking party's explanation of the relevance of an observed behavior that is sufficient to permit a court to evaluate the reason as part of the totality-of-the-circumstances inquiry under section 231.7(d)(1). That is, the explanation must provide sufficient insight into the striking party's thought process to reveal the case-related inferences that they are drawing from the observed behaviors, and thus to permit the court to evaluate whether those inferences indicate that bias played a role in the challenge." (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *30].)

As explained, we may consider "only reasons actually given" by the prosecution for its peremptory challenge, and we may "not impute to the trial court any findings, including findings of a prospective juror's demeanor, that the trial court did not expressly state on the record." (§231.7, subd. (j).) Here, there was no confirmation by the trial court of Prospective Juror No. 26's purported demeanor, and no explanation by the prosecution why it mattered to trial of the case. We are thus left without any showing or specific findings that could possibly overcome the peremptory challenge's presumption of invalidity under section 231.7, subdivision (g). (See § 231.7, subd. (j) [only "express factual findings" are reviewed for substantial evidence].)

15

4.      *Totality of the circumstances*

A failure to overcome a presumption of invalidity does not necessarily end the analysis.  "While reliance on an invalid reason is generally a significant consideration—and, depending on the circumstances, may prove dispositive—a court still must consider any other reasons proffered and other relevant circumstances to determine whether the strike was unlawful under section 231.7." (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *5].)

As *SanMiguel* observed, even when a presumption of invalidity under section 231.7, subdivision (g) is not overcome, the court still must rule on the objection to the peremptory challenge, as guided by section 231.7, subdivision (d). (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *35].)  The court "evaluates 'the reasons given to justify the peremptory challenge in light of the totality of the circumstances' without 'speculat[ing] on, or assum[ing] the existence of, other possible justifications.' (§ 231.7(d)(1))." (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *35].)  "This totality-of-the-circumstances inquiry is mandatory in all cases." (*Ibid.*)

When there is a failure to rebut the presumption of invalidity as to a behavior-based reason, the reason may "not be relied on to justify the strike, because the risk of pretextual or other improper use remains." (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *39].)  "But failure to rebut the presumption is not necessarily determinative of whether an objective observer would likely view discrimination as a factor in the peremptory challenge, without regard to the other circumstances present in the case." (*Id.* [2026 Cal. LEXIS 3973, at *39–*40].)  "Ultimately, whether a subdivision (g)(1) reason is or is not valid does not necessarily determine whether the strike is valid; in all circumstances, the ultimate inquiry for the court is whether, evaluating all of the reasons in light of the totality of the circumstances, there is a substantial likelihood that an objective

16

observer would view race or other protected status as a factor." (*Id.* [2026 Cal. LEXIS 3973, at \*42].)

*SanMiguel* specifically did not consider the effect of a failure to overcome a presumption of invalidity under section 231.7, subdivision (e). (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at \*38].) Instead, the Supreme Court observed, "That provision contains different language and prescribes a different procedure to overcome the presumption" (*id.* at \*39), and subdivision (e) "lists a number of reasons that are, broadly speaking, reasons disproportionately associated with particular racial or other cognizable groups" (*id.* at \*14).

Even assuming, however, that the court still reverts to section 231.7, subdivision (d)(1)'s totality-of-the-circumstances test following failure to rebut a presumption of invalidity under subdivisions (e) and (f), we conclude that the trial court in this case necessarily erred by overruling the objection to the peremptory challenge to Juror No. 26. Simply put, there were no valid reasons given by the prosecution for the trial court to rely upon in overruling the objection, and no indication that the trial court considered the totality of other potentially relevant circumstances.

Again, we cannot "impute to the trial court any findings . . . that the trial court did not expressly state on the record," and we may "consider only reasons actually given under subdivision (c) and shall not speculate as to or consider reasons that were not given to explain either the party's use of the peremptory challenge or the party's failure to challenge similarly situated jurors who are not members of the same cognizable group as the challenged juror." (§ 231.7, subd. (j).) Under the totality-of-the-circumstances test, "[t]he court shall consider only the reasons actually given and shall not speculate on, or assume the existence of, other possible justifications for the use of the peremptory challenge." (§ 231.7, subd. (d)(1).)

We are thus left with two stated reasons for the peremptory challenge to Prospective Juror No. 26 that were presumptively

17

invalid—the first under subdivision (e) and the second under subdivision (g).  Since the presumption was not overcome, these reasons could "not be relied on to justify the strike." (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *39].)

In stating that it was "overrul[ing] the objection," the trial court said, "I do not find that this juror falls within any of the presumptively invalid reasons for exclusion."  While the court continued, "I don't find clear and convincing evidence that the reasons given are related to her protected class," it later acknowledged that it misspoke and that its ruling was based on a lack of presumptive invalidity.

It is true that, following the excusal of Prospective Juror No. 26, and at the prompting of defense counsel, the trial court expanded on its ruling, stating, "I do not find that she was excused because of her race.  I believe that there were valid reasons that an objectively reasonable person would find to be appropriate for the exercise of the challenge."  Even if this ruling was given in a timely manner, though, the trial court's statement would not satisfy its obligations under section 231.7.

Under subdivision (d)(1) of section 231.7, the trial court should "address whether, considering all of the prosecutor's reasons in light of the totality of the circumstances, an objectively reasonable person would view race as a factor in the peremptory challenge." (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *50].)  The trial court in this matter apparently did consider the prosecution's reasons, since it found neither of them presumptively invalid.  Because the presumptions of invalidity were never rebutted, however, the court could not properly rely on them. (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *39].)

Moreover, the trial court did not undertake an effort to justify its ruling by considering the totality of other factors listed in section 231.7, subdivision (d)(3), such as "the identity group of the objecting party, challenged juror, alleged victim, and witnesses; whether race or other protected status bears on the facts of the case to be tried; the type and

18

manner of questions posed to the challenged juror; whether other prospective jurors gave similar answers; whether a reason is disproportionately associated with race or other protected status; whether a reason is unsupported by the record; and whether counsel has disproportionately used peremptory challenges against members of a protected group in the present or past cases." (*SanMiguel, supra,* __ Cal.5th at pp. __, __ [2026 Cal. LEXIS 3973, at *36–37, *49–50].)

Some of these factors may have weighed in favor of the objection while others may have supported the peremptory challenge. Proposed Juror No. 26 was the same race as appellant, but also the victim, and so this factor likely would have been neutral. It is not apparent that race had much bearing on the facts of the case, other than the appellant being Black. The types of questions posed to Prospective Juror No. 26 by the prosecution pertained to her understanding of legal concepts. From the record, her responses seem appropriate and well-considered. Notably, the prosecution did not base its peremptory challenge on the content of the answers, but instead her purported demeanor. This factor weighs in favor of appellant's objection. Furthermore, because the first stated reason for the prosecution's peremptory challenge fell under section 231.7, subdivision (e), this, "broadly speaking, [was a] reason[] disproportionately associated with particular racial or other cognizable groups." (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *14].) Moreover, the prosecution's second stated reason was apparently unsupported, since it was not confirmed by the trial court, and so also weighed in favor of the objection. On the other hand, the record does not indicate that counsel disproportionately used peremptory challenges against members of a protected group. In fact, the record indicates that the sworn jury included two or three Black jurors.

Critically, however, the trial court did not consider this set of factors in ruling on the defense objection to the peremptory challenge. And, of course, we may not impute to the trial court any such findings.

19

(§ 231.7, subd. (j).)  Given that both of the prosecution's stated reasons for the peremptory challenge were presumptively invalid, and that neither presumption was overcome, the trial court faced a significant impediment to overruling the objection to the challenge.  As explained by the Supreme Court, "reliance on an invalid reason is generally a significant consideration—and, depending on the circumstances, may prove dispositive." (*SanMiguel, supra,* __ Cal.5th at p. __ [2026 Cal. LEXIS 3973, at *5].)  Here, the prosecution did not simply rely on one invalid reason but *only* relied on invalid reasons.  In light of this reliance, and the trial court's apparent failure to consider the totality of other circumstances, the record cannot support any conclusion that the objection was properly overruled.

As explained, our review in this matter is limited by the statutory language.  While "the trial court's express factual findings [are] reviewed for substantial evidence," the record is devoid of express factual findings that support the trial court's ruling, and we may not impute findings that were not stated on the record.  (§ 231.7, subd. (j).) Per the statute, the trial court's error in overruling the objection must be considered prejudicial, requiring reversal and remand for a new trial.  (*Ibid.* [erroneous overruling of objection "shall be deemed prejudicial, the judgment shall be reversed, and the case remanded for a new trial"]; *Ortiz, supra,* 96 Cal.App.5th at p. 795 ["statute precludes a finding of harmless error"].)

## DISPOSITION

The judgment is reversed, and the case is remanded for a new trial.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


GOORVITCH, J.